UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JOE HAND PROMOTIONS, INC.            CIVIL ACTION NO. 15-cv-1235

VERSUS

TRIPLE JJJ TRAVEL PLAZA, INC., ET AL    MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

**Introduction**

Joe Hand Promotions, Inc. ("Plaintiff") is the owner of the exclusive rights to distribute UFC and MMA fights through commercial closed circuit television. Plaintiff's Ex. P-1-2. Triple JJJ Travel Plaza, Inc. and its owners, directors, or managers, Bill Jones, Donna Jones, and Shane Brooks ("Defendants") purchased a "residential use only" license for a UFC fight for display on a television inside their nightclub. Defendants purchased their license directly from UFC's website for $44.99. Defendants' Exhibit A-1. On that website, Defendants registered their Roku as the device to be used to stream the fight to their television. Defendants' Exhibit A-3.

The Terms of Use on the UFC website (Plaintiff's Exhibit P-12) states that the user is granted only a "personal, non-exclusive, non-assignable and non-transferrable license to use and display, for home, non-commercial and personal use only, one copy" of the fight. Similarly, the Roku account terms and conditions (Plaintiff's Exhibit P-13) states that the Roku service and the entertainment viewed through the Roku service are "solely for your

personal and non-commercial enjoyment." Roku's terms further provide: "These Terms of Use do not grant you the right to copy, distribute, prepare derivative works or publicly display such Entertainment."

Prior to the fight, Defendants caused advertisements of the upcoming fight to be displayed on Facebook and on the gas pumps on their premises. Those advertisements promoted that the fight would be shown at Defendants' nightclub. On the night of the fight, an investigator associated with Plaintiff visited Defendants' premises and confirmed that the UFC fight was being shown on one of Defendants' televisions. Defendants never purchased a license from Plaintiff (or anyone else) to display the fight in a commercial establishment.

**Plaintiff's Motion for Summary Judgment**

Before the court is Plaintiff's motion for summary judgment. Doc. 25. Plaintiff essentially argues that (1) it owns the exclusive right to provide commercial licenses to display the fight; and (2) Defendants did not pay Plaintiff for the right to receive and display the fight on a television in Defendants' business premises. Plaintiff states that, based on its commercial license fee schedule and the fire code capacity of Defendants' establishment, Defendants should have paid Plaintiff $950 for the right to receive and publish the fight.

Defendants argue that they did purchase the right to display the UFC fight by paying Zuffa, LLC ("Zuffa"), the owner of all UFC fights, a $44.99 fee to stream the event on their Roku device. Defendants argue that the laws applicable to the interception or improper transmission of wire, radio, and cable signals do not apply to Defendants' commercial internet streaming in this case.

**Plaintiff's Rights Under the Distributorship Agreement**

Plaintiff's Distributorship Agreement (Plaintiff's Exhibit P-1-2) with the owner of the UFC event, Zuffa, granted Plaintiff the exclusive right to distribute the event over commercial closed circuit television.  Zuffa also granted Plaintiff permission to enter into agreements with Direct TV, Dish Network, other DBS satellite providers and individual cable system operators to act as authorized sources using cable and satellite technology to broadcast the fight.  Distributorship Agreement, ¶ 12.  However, the Distributorship Agreement did not grant Plaintiff the right, and Zuffa retained the right, to show the fight to "residences, hotel rooms, dormitories, military base residential living, and all similar locations, via any and all means and modes of pay-per-view television, internet, wireless, broadband, and all other means or modes now known or hereafter developed."  Distributorship Agreement, ¶ 2.

**Analysis and Conclusion**

The summary judgment evidence shows that Defendants purchased directly from Zuffa the right to receive the fight for $44.99.  In showing the fight to the customers of their nightclub, Defendants violated the terms of use as set forth on the UFC (Zuffa) website, as well as the Roku terms and conditions, limiting use of the fight for residential purposes only.  Other state or federal laws may also have been violated.  The difficulty for the court, at least on the summary judgment record alone, is that Plaintiff may not be the proper party to assert claims against Defendants.  Plaintiff's distributorship makes a clear distinction between the exclusive right given to Plaintiff (distribution of the fight on commercial closed circuit

television) and the right retained by Zuffa (the right to show the fight to residences via the internet).  In other words, Defendants used the internet and their Roku device to violate *someone's* rights by publically displaying the fight in a commercial establishment after having purchased only a residential license.  That much is clear.  But it is not clear that Plaintiff is the proper party to assert that violation. And it is far from clear that Defendants' violations were willful.

Based on this record, the best exercise of this court's discretion is to deny the motion for summary judgment and proceed to a trial where all of these issues can be fleshed out in full.  Accordingly, Plaintiff's motion for summary judgment (Doc. 25) is denied.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 12th day of September, 2016.

Mark L. Hornsby
U.S. Magistrate Judge